# McCLURE vs. SHROYER.

1. Arbitrators have power, under the statute, to award costs against either party, unless they be expressly prohibited from so doing, by the terms of the submission.

2. Plaintiff and defendant on the 25th day of September, 1847, entered into an article to submit certain matters of controversy between them to arbitrators. One of the terms of the article, was, that the award should be made and published within ten days from the date of the article. The award was made, written out, signed and witnessed on the 4th day of October following. Held to be a sufficient publication of the award within the time.

3. The arbitrators, before whom the plaintiff and defendant had submitted their matters of dispute, allowed plaintiff a demand which the defendant owed him as *administrator*. Upon the trial before the arbitrators, the defendant did not object to the *nature* of the claim, but only to the amount of it. Held not to be a sufficient cause to vacate the award.

## APPEAL FROM SALINE CIRCUIT COURT.

### STATEMENT OF THE CASE.

On the 11th, September, 1847, Shroyer and McClure having open and unsettled accounts respectively against each other, agreed in writing, under their hands and seals, to submit such matters of difference to the arbitration of three persons, upon whose award a judgment of the circuit court should be rendered.

By a supplemental agreement, signed and sealed the 25th of September 1847. it was provided that a particular account of Shroyer against McClure should not be included in the submission, and that the arbitrators should make and publish their award within ten days from that date. William A. Wilson was selected as an arbitrator by Shroyer, and John S. Long by McClure, and these two, in pursuance of the articles of submission, selected Richard W. Bowen.

The arbitrators, thus selected, made an affidavit as is provided by the statute in such cases, and on the 25th September '47, commenced an investigation of the matters submitted to them; and in the presence of the parties and their attorneys, proceeded to hear their allegations and proof, until the 4th day of October, 1847, when Wilson & Bowen, a majority of the arbitrators, made their award that McClure was indebted to Shroyer, $119 44, and that he should pay $15, for the costs of the arbitration for their services, which was signed by them, and attested by a subscribing witness. On the same day, they delivered their award to Shroyer. On the next day, a notice accompanying the award, was prepared by Shroyer's attorney and addressed to McClure, that a motion, at the succeeding term of the circuit court, would be made to confirm the award.

This motion was served on McClure, by the sheriff of the county, on the 6th October; and also a copy of the award. On the 13th October, McClure notified Shroyer that he would move the circuit court to vacate the award. At the November term, 1847, of the Saline circuit court, Shroyer filed a motion to confirm the award, and McClure filed a motion to vacate the same, which were continued until the spring term following, when the motions were again continued at the instance of McClure. At the November term 1848, the several motions were heard and determined; the motion to vacate was overruled and the award was confirmed. Witnesses were introduced upon the hearing of the motions, but no questions of law were presented before the court, by instructions by either party, and no motion for a new trial was made. McClure seeks to reverse the judgment of the circuit court, and has brought the case here by appeal.

McCLURE vs. SHROYER.

ENGLISH, for appellant:

1st. The court erred in overruling the motion to vacate the award, because,

*First*, The arbitrators permitted the appellee, several days after the matters had been submitted to them, to file, in addition to the account already before them, other accounts against the appellant, which was not in accordance with the terms of the submission; "that the parties should have the privilege of proving and disproving any and every matter in the same manner and under the same circumstances that they would in any court of record."

*Second*, Because the arbitrators permitted the appellee to file against the appellant an account due to the appellee in his representative character, as administrator of one McNutt, which was not within the terms of the submission, and they consequently exceeded their powers.

*Third*, Because the arbitrators exceeded their power in awarding costs against the appellant, not warranted by the terms of the submission. 8 Mass. Rep. 399.

*Fourth*, Because the award made, is not mutual. It awards money to be paid by the appellant, but does not say what for; whether in final settlement of accounts between the parties or not; neither does it provide for receipts or release from appellee to appellant, but is altogether one sided.

2. Because the court having erred in overruling the motion to vacate, erred in sustaining the motion to affirm the award.

3. Because the court erred, consequently, in giving judgment on the award against the appellant, and because the judgment given, is not such as the law prescribes. Rev. Code '45, page 124, sec. 18.

In a court of record, a party is apprised at the outset of the demand against him. He is not liable to be surprised at any stage of the trial, by the introduction of new accounts against him; so that, when the arbitrators in this case, permitted the appellees to introduce claims, several days after the matters had been submitted to them, they deprived the appellant of the privilege of disproving them, under the same circumstances that he would in a court of record, as was expressly provided by the terms of submission.

The other objections require no argument; they are apparent on the face of the submission and award. The bill of exceptions shows, that the appellee was permitted to introduce accounts due to him in a representative character.

RICHMOND, for appellee:

1. This court has frequently decided, that the judgment of the circuit court will not be disturbed, unless it has been called on to decide some question of law, and in this case, no question of law was presented before the circuit court, either by instructions or by a motion for a new trial. Von Phul vs. City of St. Louis, 9 vol. Mo. Rep. 49; Fugate & Kelly vs. Muir, 9 vol. Mo. Rep. 355; Penn vs. Lewis, 12 vol. Mo. Rep. 161; 8 vol. Mo. Rep. 709.

2. The judgment of the circuit court will not be reversed, unless a motion for a new trial was made and overruled. Benoist & Hackney vs. Powell & Wilson, 7 vol. Mo. Rep. 224, Watson vs. Pierce & Pierce, 11 vol. Mo. Rep. 358; United States vs. Gamble & Bates, 10 Mo. Rep.. 459; Fresh vs. Bank of Mo. 10 Mo. Rep. 515; Rhodes vs. White, 11 vol. Mo. Rep. 623; Lysle vs. White, 11 vol. Mo. Rep. 624.

3. It is the policy of the law to encourage the settlement of controversies by domestic tribunals, appointed by the parties; and the courts ought not to distrust awards upon technical objections, but should seek to give effect to them when there is a substantial compliance with the statute and the articles of submission.

4. It was no ground to vacate the award, that the arbitrators adjudged costs against McClure. The statute gave them the right to do so. Rev. Code 1845, Title "Arbitration," sec. 16. Independent of the statute and the submission, the power was necessarily incident to

14

the authority of the arbitrators. Strang vs. Ferguson, 14 John. R. 160; Cox vs. Joggin, 2 Cowen 650; Nichols vs. Rensalear Ins. Co. 22 Wend, 125; Hewitt vs. Trueman, 16 S. and Rawl 145.

5. The submission provided that the award "should be made and published within ten days" from that date, (Sept. 25th.) On the 4th of October, (th 9th day) a majority of the arbitrators signed this award, and called a witness who subscribed his name to the same, as an attesting witness. This was "making and publishing the award" within the time appointed. The construction that would require notice of the award to be given to McClure, would furnish him with the power of defeating the award, by keeping out of the way to avoid notice.

RYLAND, Judge, delivered the opinion of the court.

It will appear from the above statement, that this was an arbitration between appellant and appellee of unsettled accounts existing between them. Motions were made by each party, after the award of the arbitrators was published, one to have the judgment of the circuit court affirming, and the other vacating the award. Upon the trial of these motions, after hearing evidence, the circuit court overruled McClure's motion to vacate the award, and sustained Shroyer's motion to make the award a judgment against McClure in the circuit court.

McClure appealed from this judgment to the supreme court, and mainly relies upon the following grounds to reverse the judgment.

1st. The arbitrators awarded costs against him, when they had no power by the terms of the submission.

2nd. The arbitrators did not make and publish their award within the ten days, the time limited by the terms of the submission.

3rd. The arbitrators permitted Shroyer to exhibit an account due him as administrator of McNutt's estate, for the hire of a negro by McClure.

There are other grounds and reasons assigned by McClure's counsel, for reversing the judgment, but the above three, are the main and prinpal causes. The others have nothing in them demanding our attention.

The first objection, as to the costs is overturned by the general law of the land, upon the subject of arbitrations and references. See 16 section of statute, concerning Arbitrators &c., Rev. Code 1845, page 124: "Arbitrators may ascertain the costs incurred in the proceedings before them, and make such order in their award, touching the payment thereof, as to them shall seem just." This is ample authority for the act of the arbitrators; and such awarding of costs, unless prohibited and withdrawn from the arbitrators, by the terms of the submission, will not be considered a sufficient reason to vacate or set aside the award. We find no error, then, in the court below, in overruling this objection.

The second objection as to the publication of the award not being in time, has no foundation in fact to rest upon. The articles of submission were dated 25th, September, and the award was made, written out, signed and witnessed, on the 4th day of October following. This is within the ten days, and we need hardly say, that this is a sufficient publication. There is no force then, in this objection; though it was the one on which the appellant relied principally, in the lower court, to vacate the award.

The third objection is as to the act of the arbitrators in suffering Shroyer to produce before them, an account for money due by McClure to him for the hire of a negro belonging to the estate of Mrs. McNutt, of which said Shroyer was administrator.

This objection appears to the court to have more weight in it than any of the others urged by McClure, but the testimony of the arbitrators, Long and Bowen, as preserved in the bill of exceptions, shows that McClure had given Shroyer credit, for this very hiring of the negro, but had not given him as much credit for it as Shroyer claimed the hire to be worth; that McClure made no objection to the nature of the demand, but only as to the amount claimed. We therefore feel inclined to give but litle weight to this objection.

Considering the great allowance to be made for the acts of arbitrators, who are, generally speaking, men of plain common sense, unskilled in the law as a profession; who are looked upon by the parties choosing and selecting them, as their neighbors and friends; and fully aware of the importance of these domestic tribunals, in settling disputes without incurring the costs of tedious and expensive litigation, the courts have even lent an unwilling ear to motions to set aside awards, and will not listen to objections unless they involve fraud or corruption in making such awards.

Upon the whole view of the facts, set forth in the record of this case, we are satisfied that the court below committed no error requiring the interference of this court to correct. Its judgment is therefore affirmed.