PRICE, Defendant in Error, v. WHITE, Plaintiff in Error.

1. When an agreement to submit a matter in dispute to arbitration describes
   the subject of dispute thus : " A matter in difference between the parties ;"
   and the parties afterwards appear before the arbitrators and litigate a mat-
   ter without any denial that it is the subject of dispute between them, they
   should not afterwards be heard objecting to the vagueness and indefinite-
   ness of the agreement.
2. Where a notice is given that a motion will be presented to a court on the
   first Monday of May for the comfirmation of an award, and the legislature
   afterwards changes the time of holding said court from the first to the
   second Monday, the notice will be sufficient ; the party to whom the notice
   is given must take notice of the change.

*Error to Osage Circuit Court.*

Barbara Price and George C. White entered into the fol-
lowing agreement to submit a matter in difference between
them to arbitration :  " Know all men by these presents, that
we, Barbara Price and George C. White, both of the county
of Osage and state of Missouri, respectively agree to submit
a matter now in difference between us to an arbitration, the

following persons having been selected to arbitrate and make an award accordingly, to-wit: John M. Laughlin, Samuel S. Farrier and John C. Bryant. We, the undersigned, Barbara Price and George C. White, agree in said submission that the award of said arbitrators shall be final, and that the said award [shall be] entered on the docket for the circuit court clerk, and become a judgment at the next term thereof to be holden in said county; this, the 16th day of December, 1856. [Signed] Barbara Price, George C. White."

The arbitrators met and made their awards on the said 16th day of December, 1856. They made two awards, both dated December 16, 1856—one of which was filed in the office of the clerk of the Osage circuit court, January 31, 1857—the other was filed March 2, 1856. They were substantially the same, and were in favor of Barbara Price. At the May term of the Osage circuit court, this award was confirmed on motion of said Barbara Price. White was notified that a motion would be made for the confirmation of said award by the circuit court on the first Monday of May, 1857. When this notice was given does not appear.

*Edwards* and *Mc Cord*, for plaintiff in error.

I. Notice that a motion would be made at a court to be held on the first Monday was not such a notice as would authorize the court held on the second Monday to confirm the award. The agreement to submit was too vague. Admitting it to be good, the arbitrators clearly exceeded their authority. The supposed submission authorized the arbitrators to act upon " a matter in difference;" the award proposes to decide three separate and distinct matters in difference. The award is uncertain and void. (R. C. 1855, p. 187, § 13 ; Walton v. Walton, 17 Mo. 396.) The supposed submission does not designate what circuit court should enter judgment on the same.

*Muir & Draffin*, for defendant in error, cited 9 Mo. 39, 49, 355 ; 13 Mo. 107 ; 12 Mo. 161 ; 8 Mo. 709 ; 7 Mo. 224 ; 11 Mo. 358, 623–4 ; 10 Mo. 459, 515 ; 4 T. R. 146.

SCOTT, Judge, delivered the opinion of the court.

This was a submission to arbitration entered into in pursuance to the first section of the act in relation to that subject. The statute enumerates the causes for which an award under that section shall be vacated, and directs that unless it is thus vacated it shall be confirmed. None of the steps required by law were taken by the defendant to have the award vacated. The objections to the award were all formal and such as might have been corrected under the 30th section of the act if the party had seen proper to have had it done; but having failed to do so, he will not be permitted now to raise them in this court.

The defendant complains that the agreement for a submission is too vague and indefinite in its description of the subject of dispute, its language being " a matter in difference between the parties," without any thing more showing the suject of the difference. We do not undertake to say what would have been the force of this objection in an action on the agreement to submit in the event there had been a refusal to arbitrate under it. A reference of all matters of difference between the parties is good. The plaintiff and defendant having agreed to submit a matter in difference between them, having appeared before the arbitrators and litigated a matter without any denial that it was the subject of dispute between them, the defendant should not be heard objecting to the bond in this form of proceeding. If the defendant conceived that the award was too vague for his protection from future litigation, the statute pointed out to him a way to have it corrected.

The agreement to submit sufficiently shows that the circuit court of Osage county was the court in which the award was to be entered as a judgment. As the parties represented themselves to be " of Osage county" in the article of submission, in stipulating that the award should be entered as a judgment at the next term of the circuit court in said

county they clearly indicated the court they had in contemplation.

The objection to the notice of the award is not saved. It does not appear when the notice was served, though it is stated that at least fifteen days' notice in writing was given to the defendant. The award was made on the 16th of December, 1856. The acts changing the times of holding courts in Osage county was passed on the 15th day of January, 1857, and took effect immediately after its passage. (Sess. Acts, 1856–7, p. 467.) Now if the notice of the award was served between the 16th of December, 1856, and the 15th day of January following, it was then good ; and if the general assembly afterwards changed the time of holding court, the party served with notice should at his peril have taken notice of the change.

It is objected that the court erred in disregarding that portion of the award which directed that the defendant " should winter with *roughness* the cattle of the plaintiff." This act was for the benefit of the plaintiff, and the omission of the court to enforce it was an advantage to the defendant. The plaintiff consented to the action of the court. Nothing is clearer than that an award may be good in part and bad in part, and the bad part may be rejected when it is so unconnected with the residue that it may be seen that its rejection does not affect the justice nor the correctness of that portion of the award which is retained. It sufficiently appears that the part of the award which was disregarded had no such connection with the portion retained that its rejection could possibly affect the defendant in an injurious manner.

The statute does not prescribe the length of time the parties shall be notified before the hearing. As it appears from the award that the defendant appeared before the arbitrators, he could not afterwards object to the want of notice. As he appeared, if the notice was too short, or if he had had none previously, he might have applied for a postponement, which the arbitrators were empowered to grant.

The fact that the award directed money to be paid and different articles of produce to be delivered to the plaintiff, did not show that there was more than one matter in difference between the parties considered by the arbitrators. There were two awards filed in the clerk's office by the plaintiff. We do not see that there was any substantial difference between them. The one imports no more than the other. If the corn and bacon could not be had, the value of it at the time of the award might have been recovered by an action on the award. The court can compel the performance of the award by attachment. That would, we suppose, be the proper process to compel the performance of so much of the award as relates to the delivery of the produce. If the defendant is too poor to comply and has not the means, that would be a subject of consideration, regard being had to the law which prohibits imprisonment for debt. It was a matter of concern to the plaintiff only, that the court gave the defendant the option of paying in corn and bacon, or its value.

The defendant is not injured by the judgment of the court. He can relieve himseelf by performing the award as it was originally made. That the court has given him the option of performing the award, or doing something else, is to his advantage, and not to his prejudice. He can not complain. (Gentry v. Barrett, 5 J. D. Marshall, 317.)

Affirmed. The other judges concur.