STATE OF MISSOURI, *ex rel.* ANDREW T. KENNEDY, Respond-
ent, *v.* UNION MERCHANTS' EXCHANGE OF THE CITY OF
ST. LOUIS *et al.*, Appellants.

### April 25, 1876.

1. An unreasonable by-law of a corporation is void.

2. A by-law will not be declared void for unreasonableness unless that con-
clusion is perfectly clear.

3. A by-law of the Union Merchants' Exchange which compels members to
submit their business controversies to arbitration, on pain of suspension or
expulsion, is unreasonable and void.

4. Neither would a legislative grant, in the charter, of permission to make such
a by-law avail.

*J. O. Broadhead* and *Broadhead & Overall*, for appel-
lants, cited : Bryan.*v.* Pike Benevolent Society, 8 Watts &
S. 247 ; B & W. S. Society *v.* Vandyke, 2 Whart. 309 ;
Ang. & Ames on Corp. (6th ed.), secs. 415–418 ; *Ib.*
(9th ed.), secs 415–418, 441–449, and notes ; *Ex parte*
Long, 29 Eng. Law & Eq. 194 ; Queen *v.* Evans, 3 El.
& Bl. 362 ; Green's Brown's Ultra Vires, 44, 45, and notes ;
High on Rem. 206, sec. 292, p. 208, sec. 295, and note ;
Wag. Stat. 1037, sec. 22, ch. 110 ; Society of Visitation *v.*
Commonwealth *ex rel.*, 52 Penn. 125 ; 23 Mo. 449 ; 27 Mo.
225 ; High on Rem. 211, secs. 301, 302, p. 212, sec. 302,
and note.

*Marshall & Barclay*, for respondent, cited : Jaccard *v.* Anderson, 32 Mo. 188 ; State *ex rel. v.* Everett, 52 Mo. 95 ; Stephen's Pl. 143 ; Harper *v.* Mayor of New York, 17 Wend. 199 ; People *ex rel. v.* Mayor of New York, 7 How. Pr. 81 ; Taylor *v.* Griswold, 2 Green L. 223 ; King *v.* Liverpool, 2 Burr. 731 ; King *v.* York, 5 Durnf. & E. 76 ; King *v.* Hereford, 6 Modern, 309 ; Ang. & Ames on Corp. (9th ed.), sec. 7 ; *Ib.*, secs. 410, 432 ; State *ex rel. v.* Chamber of Commerce, 20 Wis. 63 ; People *v.* Medical Society of Erie, 24 Barb. 570 ; Fawcett *v.* Charles, 13 Wend. 473 ; Commonwealth *v.* Guardians of Poor, 6 Serg. & R. 469 ; State *ex rel. v.* Georgia Medical Society, Am. Corp. Cases, 328 ; Evans *v.* Philadelphia Club, 50 Pa. St. 107–115 ; King *v.* Feversham, 8 T. R. 352–356 ; Farmers' Loan Co. *v.* Carroll, 5 Barb. 613–649 ; Toler *v.* Hayden, 18 Mo. 399 ; Walt *v.* Huse, 38 Mo. 210 ; Berch *v.* Schneider, 27 Mo. 101 ; McCloon *v.* Beattie, 46 Mo. 391 ; King *v.* Doncaster, 2 Burr. 738 ; People *v.* St. Francis Society, 24 How. Pr. 218 ; Carter *v.* Sanderson, 5 Bing. 79 ; Scriveners' Co. *v.* Brooking, 2 Gal. & Dav. 419 ; Dunham *v.* Rochester, 5 Cow. 462 ; Kennebec R. R. Co. *v.* Kendall, 31 Me. 470 ; Cartan *v.* Father Matthew Society, 3 Daly, 20 ; Perry on Tr. (1st ed.), secs. 411–491 ; State *v.* Burkhardt, 59 Mo. 75 ; State *v.* Lafayette County, 41 Mo. 545 ; Commonwealth *v.* St. P. Society, 2 Binn. 441,.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding by *mandamus* to compel the appellants to reinstate the relator as a member of the Union Merchants' Exchange of St. Louis.

It appears that relator is a general provision and commission merchant of St. Louis ; that defendant, the Union Merchants' Exchange, is an incorporated institution, of which the other defendants are directors ; that the Exchange numbers amongst its members one thousand merchants and business men of St. Louis, and occupies commodious rooms in which these merchants daily meet to trade, and where,

at the common cost of the members, and for their exclusive benefit, they daily receive trade reports from the chief commercial centers of the world; that this Exchange is the business mart of St. Louis, and owns valuable personal property, in which all the members have a vested interest; that relator became a member of said Exchange on July 18, 1871, and has, up to the time of alleged wrong complained of by him, remained so; and that, on July 17, 1874, he was suspended from membership by the directors, and has since that date been denied access to the floor of the Exchange, and deprived of all the benefits of membership.

These facts are set up in the petition, and are not denied in the return to the writ. An alternative writ was issued; and, in their second amended return to this writ, the appellants set up that, prior to their incorporation, the Union Merchants' Exchange had long existed as an association of merchants of St. Louis, with rules, regulations, and by-laws to which members were required to assent; that, by its charter, it has power to make such rules and regulations as may be proper and needful, and possesses all other general powers incident to corporations, and not inconsistent with the laws of Missouri and of the United States; that, by said charter, the existing rules, regulations, and by-laws are declared the rules of the corporation until regularly repealed or changed; that the by-laws and regulations now in existence were legally enacted in accordance with the charter, and were in force when plaintiff's relator was admitted as a member; and that he applied to be admitted subject to the existing rules and by-laws, of which he had full knowledge, and was admitted subject to those rules; and that he has, knowingly and deliberately, violated these rules, and been lawfully suspended, in accordance with the by-laws, for this violation of the laws of the association; that he has, by the by-laws, a legal right to apply to be reinstated in his rights as a member, and has neglected to do so. This is a

mere outline of the substantial features of the return to the writ. It is not necessary, for the purposes of this opinion, to set it out in detail, nor to refer to any technical objections made to it in the demurrer filed by the relator of plaintiff. The demurrer was sustained, and a peremptory writ ordered; and, a motion for a new trial and rehearing having been overruled, the cause is brought before us by appeal.

The by-laws of the Union Merchants' Exchange are set out in full in the return; and the offense committed by relator, for which he was suspended, was a refusal to comply with an award of arbitrators, to which he had, in accordance with the by-laws, agreed in writing to submit.

If the by-laws violated were not reasonable, they cannot be enforced. If, then, this point must be decided against the appellant, it will not be necessary to consider the many other questions presented for our consideration in the very carefully prepared briefs submitted by the counsel on either side.

The by-laws in question are rule 6, section 7, beginning " and any member " to " suspension," down to and including section 11. Then sections 15, 17, 18, 19, and 20.

The law is not opposed to arbitration. On the contrary, it is said to be the policy of the law to encourage these domestic tribunals, although they may, if they choose, disregard the rules of law in their decisions. Indeed, it is probably the very fact that they are not bound by legal rules, nor by the principles of that equity which follows the law, more than anything else, that has led the courts to say that arbitration is looked upon with favor. This was first said when the law as to the introduction of evidence excluded as witnesses, not only the parties themselves, but every person having an interest, though remote, in the matter in controversy; so that it must have been felt that, in many cases, justice was promoted by a submission to a tribunal which could get at facts that the courts could not regard. In

many cases the rules of law and the inflexible principles of equity, which cannot be made to bend to meet the hardship of each particular case, must necessarily work injury and wrong to individuals, and, when *summum jus* is *summa injuria*, it is well enough that the parties should agree to resort to a tribunal which will do a rude and untaught justice between man and man, in consonance with all the facts and surroundings of a particular case. But though the law encourages this reference to a tribunal of the choice of the parties, which relieves the courts of a burden and the public of a heavy expense, and which sometimes can do, and does, a right that the courts cannot, it will not have persons coerced into waiving their strict rights if they choose to insist upon them. Every citizen has a right to the protection of the equal laws, and to all the security against irremediable injustice which the wisdom of centuries has provided in those traditional rules or legislative enactments that govern proceedings in courts of justice. Is it not, then, a fatal objection to the by-laws of the Union Merchants' Exchange, on the subject of arbitration, that they compel every respectable merchant of the city, on the pain of losing caste and being deprived of means essential to the carrying on of business on equal terms, to submit every controversy arising in the course of trade to a tribunal which is not bound by legal rules, and which may, if it so choose, utterly disregard, in forming its decision, every ruling of the courts and every legislative enactment?

To set aside a by-law there must be no equipoise of opinion in the matter; its unreasonableness should be demonstrably shown.

Against an erroneous decision of arbitrators there is no remedy whatever. It is settled, both in England and in this country, that the reasonableness or unreasonableness of an award does not affect its validity, so that there be no misbehavior or corruption in the arbitrators. Though property which the law of distribution clearly gives to five

be distributed to two, if it only appear that the arbitrators intended to disregard the law, the courts cannot relieve. *Ainsley* v. *Goff*, Kyd, 354. The greatest chancellors have uniformly held as a binding rule that the only ground to impeach an award was corruption or gross misbehavior of the arbitrators, such as refusing to hear the witnesses on one side, or taking evidence with notice only to one party, or gross mistake—as to which the rule is so vague as to be no protection whatever. The question was early examined in this country, and the rule laid down by Chancellor Kent, in *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 339, has been generally adopted throughout the United States, and is the law in Missouri. Where it is sought to vacate an award, under our statutes, it is not sufficient to show that the arbitrators erred in judgment either as to law or fact; partiality or corruption must be shown. 13 Mo. 104; 28 Mo. 346; 27 Mo. 275; 37 Mo. 445.

By-laws prohibiting the members of a municipal corporation from pursuing their legal remedies beyond the jurisdiction of the corporation are void, since no power less than that of the legislature can deprive the subject or citizen of his right to legal redress. *Player* v. *Archer*, 1 Sid. 121; *Ballard* v. *Bennett*, 2 Burr. 778.

Middleton's case (Dyer, 332, *b*) was in the sixteenth year of Queen Elizabeth, and it is this: Middleton, a citizen and haberdasher of London, sued one Osborne, another citizen and lately his journeyman, in debt on bond, and was condemned; for which suit, and because he would not stand to the arbitrament and order of one Sir Lionel Ducket and Sir Rowland Howard, knights aldermen of said city, Middleton was disfranchised; upon which he sued for remedy in the Queen's Bench, to be restored to his freedom again. He was restored. A by-law in total restraint of one's right is bad. Com. Dig. 309. Neither would a legislative grant, in the charter, of permission to make such by-laws avail   A by-law made in pursuance of an

·express power to make such laws, if contrary to the common law or to a legal enactment, is void. Every by-law must be reasonable and lawful. 8 Pick. 96; *Dunham v. Rochester*, 5 Cow. 462; Com. Dig., by-law B.

In view of the character and objects of this corporation, and the manifest inconvenience to which every trader must necessarily be subject who is not permitted to join, or is expelled from, the chief mart of commerce in the place of which he is a citizen and a trader, we think a by-law compelling the members of the Union Merchants' Exchange to submit their controversies to arbitration, on pain of suspension or expulsion, is unreasonable, in the legal and technical sense of that term, and that it cannot be sustained.

We are, therefore, of opinion that the Circuit Court committed no error in sustaining the demurrer to the return in this case.

The judgment of the Circuit Court is affirmed. The other judges concur.