## ABEL G. DOWNING, Appellant, v. W. M. LEE, Respondent.

**Kansas City Court of Appeals, April 6, 1903.**

1. **Arbitration and Award: APPRAISEMENT: ACCEPTING AWARD: NOTE.** The action of persons who are appointed to act as mere appraisers of value and not arbitrators, is an appraisement and not an award; but where it is construed by a party as an arbitration and he accepts the result as an award and gives his note therefor, he can not afterwards deny its effect.

2. **———: LEGAL CAUSE OF ACTION: CONSIDERATION: NOTE.** There need be no legal cause of action in favor of either party to an arbitration. A matter simply in doubt between them may be submitted, and the prevention of litigation is a valid consideration and will support a note given in satisfaction of the award.

3. **———: APPRAISEMENT: CONSIDERATION: NOTE.** Plaintiff and defendant appointed parties to determine a difference as to a certain forty acres of land sold to plaintiff; on the evidence it is held that they were arbitrators and not appraisers and as their finding was accepted by defendant, who gave his note in consideration thereof, he can not deny the consideration of the note.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED *(with directions).*

*Sangree & Lamm* for appellant.

(1) The defense or contention below to the effect that Downing had his full forty acres of land under his deed, and therefore the note, for that reason, was without consideration, can not avail respondent on this appeal; because appellant introduced a mass of testimony from divers witnesses showing it was not true and the question on such issue thus became one for the jury and not the judge. (2) But the note is otherwise supported by an adequate consideration: (a) The compromise of even a doubtful right, asserted in good faith, is a sufficient consideration. Mullanphy v. Riley, 10 Mo. 489; Livingston v. Dugan, 20 Mo. 102; Rhinehart v. Bills, 82 Mo. 534; Valle v. Picton, 16 Mo. App. 178. (b) The giving of the receipt (in effect an unacknowledged deed), followed by the execution on the demand of Lee of a quitclaim deed to take the place of the receipt, is consideration sufficient to support the note. Carter v. Harber, 18 Mo. 204; Bonney v. Smith, 17 Ill. 531; Bachelder v. Lovey, 69 Me. 33. (c) The award of the arbitrators was a sufficient consideration to support the note. Shepherd v. Watrous, 3 Caines 166; Page v. Pendergast, 2 N. H. 233; Miller v. Brumbaugh, 7 Kan. 215; Johnson v. Ketchem, 4 N. J. Eq. 364. (3) Finally, the common law arbitration and award should be held conclusive in the matter, because: (a) It was not a mere appraisement, in a matter where there was no controversy, which has been held not an arbitration. Curry Lackey, 35 Mo. 389; Zallee v. Ins. Co., 44 Mo. 530; Holmes v. Shepherd, 49 Mo. 600. Here there was a controversy about the value, about the location of the two and one-half acres of shortage, and Lee said he

would make a statement of the whole controversy and
matter to the arbitrators. By inference, he did so—
the men were to settle the whole dispute. (b) There
was a dispute, a doubtful question, a submission to ar-
bitrators, and intention to be bound shown, an award
delivered orally, which was certain, mutual and final.
Here, then, are all the elements of a complete arbitra-
tion and award at common law. 2 Am. and Eng. Ency.
of Law (2 Ed.), pages 541, 553, 566. (c) And by giv-
ing the note which was accepted as performance, the
award was ratified, all irregularities and errors were
thereby waived, and the matter becomes conclusive on
all parties. Morse on Arbitration and Award (1 Ed.),
pp. 174, 175. (d) The award was in effect a final judg-
ment. 2 Am. and Eng. Ency. of Law (2 Ed.), pp. 736,
794. (e) It will be liberally construed and every rea-
sonable intendment and presumption will be made in
favor of its validity. 2 Am. and Eng. Ency. of Law
(2 Ed.), page 774; Morse on Arb. and Award (1 Ed.),
pages 436, 437.

*R. A. Higdon, Montgomery & Montgomery* and *G.
W. Barnett* for respondent.

(1) There never was a cause of action in favor of
plaintiff therefore nothing to revive or reanimate by the
giving of the note. If there had once been a cause of
action in favor of plaintiff, such cause of action would
have formed the consideration for a note. But no cause
of action ever existed in his favor. A debt due to an-
other will not do. Cape Girardeau Co. v. Harbison, 58
Mo. 90; Williamson v. Williamson, 50 Mo. App. 194.
(2) There never was any cause of action in favor of
Mrs. Lomas and Mr. Bradbury. There never was a
breach of warranty. (3) While it is true that the com-
promise of a doubtful right asserted in good faith is a
sufficient consideration to support a note, yet there was
no doubtful right here. There was no show of a right

here. An unjust claim is no consideration for a note. Briscoe v. Kinealy, 8 Mo. App. 76; Mullanphy v. Riley, 10 Mo. 495; Wade v. Simeon, 2 C. B. 548; Davidson v. Ford, 23 W. Va. 6, 17; Pitkin v. Noyes, 48 N. H. 294; McKinley v. Watkins, 13 Ill. 140; Headley v. Hockley, 50 Mich. 43; Ormsbee v. Howe, 54 Vt. 182; Feter v. Weber, 78 N. Y. 334. (4) The pretended consideration was wholly past. A past consideration will not support a promise. Livingston v. Dugan, 20 Mo. 103; 3 Am. and Eng. Ency. of Law (1 Ed.), page 838, and authorities under note 1. (5) An award of arbitrators may be a consideration for a note, but there was no arbitration. Mr. Lee had agreed to pay for two and one-half acres of land by giving his note therefor, and as the parties could not agree as to the amount, three persons were selected to value or appraise the land. No question of liability was submitted to them, only the question of value. An agreement to leave to third parties the question as to value does not make such persons arbitrators, nor does it constitute an agreement to arbitrate. Currey v. Lockey, 35 Mo. 389; Garred v. Macey, 10 Mo. 161; Leonard v. Cox, 64 Mo. 32. (6) The agreement to submit to arbitration must be based upon a consideration. There must be some matter of dispute which is in doubt. 1 Am. and Eng. Ency. of Law (1 Ed.), p. 558; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 544, and authorities there cited.

BROADDUS, J.—This is a suit upon a promissory note for $40, executed by defendant August 21, 1899, and payable to plaintiff in sixty days from date. The note was given upon a common-law award had between the maker and the payee, wherein it was awarded that defendant owed plaintiff said sum. The case originated before a justice of the peace and there were no written pleadings, but it is to be gathered from the statement of the defendant's lawyer to the court and jury that the

principal defense was, that the note was without con-sideration.

The facts as shown on the trial, in a general way, were: On the 2nd day of January, 1872, defendant, by his deed, conveyed to Rosa Lomas and one Walter Brad-bury, the southwest quarter of the southeast quarter of section 4, township 46, range 20, Pettis county, Missouri, and prior thereto, in the year 1864, undertook to convey to one Allen two and one-half acres of land by the fol-lowing description, viz.: "Two acres and a half of land adjoining the southwest quarter of the southeast quar-ter, on the north end of said forty acres." In 1899 Rosa Lomas died, leaving plaintiff and two other chil-dren her heirs at law; but prior to her death she had obtained by deed Bradbury's interest in said land, thereby becoming the sole owner of same. It seems from the testimony that she had been married to a man by the name of Downing, plaintiff's father, prior to dates herein mentioned, and that at the time of her death she was the wife of a man by the name of John Thomas.

It was shown that at the time of the date of defend-ant's deed to said Webb he was of the opinion that said forty acre tract, which he conveyed as aforesaid to Mrs. Lomas, contained forty-two and one-half acres; and that it was his intention when he made said deed to Webb to convey to him this excess of two and one-half acres. After the death of Rosa Lomas (then Mrs. Thomas) plaintiff and her other heirs made an agreed partition of her real estate, and the forty-acre tract fell to the lot of plaintiff. It appears, however, that prior to the death of Mrs. Thomas, she and her children had come to the conclusion that there was only thirty-seven and one-half acres of land in said tract, and at the time of said partition it was agreed between said heirs and children that as plaintiff had become the owner of said tract of land he would be entitled to their claim against defendant for the shortage of said two and one-half acres, and they verbally transferred their interest in

said claim to him. Soon after said partition, plaintiff demanded of defendant that he should make good his alleged contention of said deficiency in the number of acres of said tract of land. After some preliminary talk, two persons were finally selected to arbitrate the matter and went upon the land and returned their award to the effect that the defendant pay plaintiff the sum of $40. The defendant contends here that the act of said persons was not in the nature of an award, but only an appraisement of the value of two and one-half acres of said land; but he stated at the trial, amongst other things: "They [the arbitrators] finally decided that I must pay him [plaintiff] for two and one-half acres." It seems, too, that he affirmed the award by giving the note in controversy. As to whether there was a shortage in the number of acres in said tract of land, the evidence was conflicting. The court, upon the close of all the evidence, instructed the jury to return a verdict for the defendant. The jury returned a verdict as directed, upon which judgment was rendered against plaintiff for costs, and from all which he appealed.

The defendant seeks to uphold the action of the court upon the ground that as plaintiff's claim was without any legal foundation there was nothing to arbitrate, and therefore there was no consideration for the note; and further, incidentally, that the action of the so-called arbitrators did not amount to an award upon the merits of plaintiff's claim, but was only an appraisement of two and one-half acres of land.

It is true it has been held by the courts of this State, and of other jurisdictions, that if the persons called upon to act are so called as mere appraisers of value they are not arbitrators, and that their appraisement is not an arbitration. Curry v. Lackey, 35 Mo. 389; Garred v. Macey, 10 Mo. 161; Leonard v. Cox, 64 Mo. 32. But defendant construed it as an arbitration; in

fact, he testified that the award was that he was to pay plaintiff forty dollars. Having accepted the award of the so-called arbitrators by giving his note for the amount of their award, he ought not to be permitted afterwards to deny its effect as such.

The main contention is, however, that there was nothing to arbitrate, therefore, the award was without effect and the note without consideration. The defendant has offered many good reasons, supported by undeniable authority, that plaintiff's claim had no valid support in law, and as such could not have been enforced in the courts. But that is an evasion of the real question presented by the record. "To furnish a sufficient basis for entering into a submission, no legal cause of action in favor of either party need exist. That there is a dispute, controversy, or honest difference of opinion between them concerning any subject in which they are both interested, is enough. Nor indeed is it necessary that they should have come to the actual point of dispute; for a matter simply in doubt may be submitted." Morse on Arbitration and Award, p. 36; Mayo v. Gardner, 4 Jones (Law) 359. "A reference to arbitration will be binding if there be a bona fide difference of opinion between the parties as to their rights, although there be no legal cause of action." Findley v. Ray, 5 Jones (Law) 125. In 1 Parsons on Contracts, pp. 467, 468 (7 Ed.), pp. 438, 439, the rule is stated thus: "The prevention of litigation is a valid and sufficient consideration; for the law favors the settlement of disputes. Thus, a mutual submission of demands and claims to arbitration is binding so far as this, that the mutual promises are a consideration each for the other." And further, "with the courts of this country, the prevention of litigation is not only a sufficient, but a highly favored consideration; and no investigation into the character or value of the different claims submitted will be entered into for the purpose of setting aside a compromise, it being sufficient if the parties entering

into the compromise thought at the time that there was a question between them.''

Under the foregoing authorities no question could arise as to the character or value of plaintiff's claim. It is sufficient to sustain said arbitration, that the plaintiff's claim was made in good faith, that it was disputed by defendant and that it was submitted to arbitration, because the parties thought at the time that it was a question to be settled, all of which was fully shown by the record. Arbitration under the rule as we have seen was not only a sufficient but a highly favored consideration in law for the note in question. It therefore follows that the finding should have been for the plaintiff instead of for the defendant.

The cause is reversed with directions to set aside the finding for the defendant and to enter a finding and judgment for plaintiff for the amount of the note and interest. All concur.