ALFRED FORD and ELIZABETH FORD, Appellants, v. L. A. LAUGHLIN et al.

Division Two, December 20, 1920.

**DEFECTIVE ABSTRACT: Equity Suit: Additional Abstract: Rules 7 and 11.** In a suit in equity, wherein the appellate court is required to try the case *de novo* and to adjudge the facts, the merits of the controversy will not be considered, unless all the evidence is embodied in a bill of exceptions, and brought up by a proper abstract; and if no part of the evidence offered by defendants at the trial to sustain their defense of the plea of *res adjudicata* is set forth in the abstract of the appealing plaintiffs, an additional abstract filed by respondents, after appellants' abstract was filed out of time, in which all such evidence is set forth, unless accepted by appellants as containing the evidence offered by respondents in support of their said plea, cannot be considered, and if respondents interpose Rule 11, as an objection to appellants' record being corrected, the objection will be sustained, and the judgment affirmed.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner*, Judge.

AFFIRMED.

*Frank Titus* for appellants.

*L. A. Laughlin* for respondents.

MOZLEY, C.—This proceeding was commenced by plaintiffs in the Circuit Court of Jackson County. Missouri, at Kansas City; as a bill in equity to quiet title to the real estate in controversy; to set aside certain conveyances therein mentioned, etc. It also asks for other affirmative relief.

Defendant filed an equitable answer, pleading *res adjudicata*, etc; asked therein that said title be quieted and that they be granted equitable relief as prayed for therein.

On the hearing of the case, the circuit court dismissed plaintiffs' bill, defendants' cross-bill, and entered a judgment in favor of defendants for cost. Plaintiffs filed a motion for a new trial, which was overruled, and the cause was duly appealed by them to this court.

On December 17, 1919, plaintiffs filed herein an abstract of the record which, at the conclusion of plaintiffs' evidence, recites the following:

"Thereupon the defendants, to sustain the issues on their behalf, introduced evidence, oral and documentary, as follows, to wit:

"MR. LAUGHLIN: The defendants offer in evidence the files, including the bill of exceptions, and the mandate of the Supreme Court and the record entries, in cause No. 48,368."

Plaintiff's objection to the introduction of this evidence was overruled.

Appellants' abstract, at page 93, recites that:

"The papers above offered in evidence by counsel for plaintiffs [defendants] are in words and figures as follows, to wit:"

No part of the above proceedings offered in evidence is set out in the abstract before us.

Appellants' motion for a new trial, set out on pages 109-10, contains the following:

"2. Because the plea of *res adjudicata* presented by defendants in this cause, is not sustained or sustainable under the testimony produced in this cause by plaintiffs."

Respondents, on January 10, 1920, filed herein an additional abstract of the record, setting out the proceedings, records, bill of exceptions, etc., offered in evidence, and which plaintiffs failed to put in their abstract of record, because it was not served and filed in proper time. The objections and reasons for delay, stated by defendants, were ordered taken with the case.

According to our conception of the law, it is not necessary to go into the merits of this controversy.

I. As this is a proceeding in equity wherein we are required to pass upon the facts and try the case *de novo,* we cannot consider the merits of the controversy, unless the additional abstract of record **Defective** is accepted as containing the matters offered **Abstract.** in evidence by defendants relating to their plea of *res adjudicata.*

Rule Seven (7) of this court, reads as follows:

"In equity cases the entire evidence shall be embodied in the bill of exceptions; provided, that it shall be sufficient to state the legal effects of documentary evidence where there is no dispute as to the admissibility or legal effect thereof; and provided further that parol evidence shall be reduced to a narrative form where this can be done and its full force and effect preserved."

If counsel for appellants was not desirous of having his record encumbered by the proceedings offered as *res adjudicata,* he should at least have made an honest effort to set forth the substance of same, as was done in Crews v. Lombard, 216 S. W. (Mo.) 512, recently determined by our Court in Banc. We are of the opinion that, where counsel, in an equity case, purposely leaves out a part of the main defense relied on by defendants, as here, and asks a court of equity to reject the evidence which his adversary has been compelled to bring here to supply an intentional defect in his own record, the court should enforce Rule Seven, supra, and affirm the judgment. [Huggins v. Davidson, 202 S. W. 1. c. 399; Short v. Kidd, 197 S. W. (Mo.) l. c. 66-7; Stevenson v. Smith, 177 S. W. (Mo.) l. c. 615-16; Nickey v.

Leader, 235 Mo. 1. c. 42; Gibbs v. Haughowout, 207 Mo. 1. c. 391; State ex rel. v. Jarrott, 183 Mo. 1. c. 217-18; Courtney v. Blackwell, 150 Mo. 1. c. 267-8; Parker v. Vanhoozer, 142 Mo. 621; Blout v. Spratt, 113 Mo. 1. c. 54; McElroy v. Maxwell, 101 Mo. 294; Benne v. Schnecko, 100 Mo. 250.]

In State ex rel. v. Jarrott, supra, at pages 217-18, GANTT, J., speaking for Court in Banc, in which all the court concurred, said:

"But in equity cases appellate courts will review the testimony and are not bound by the finding of the chancellor, either as to the ultimate facts or his conclusions of law, and, hence, it has been uniformly ruled by this court in equity cases that the whole of the evidence must be brought up on appeal and a rule of this court to that effect has long been in force."

II. Rule Seven, heretofore mentioned, has been printed in the backs of our Missouri Reports for more than a quarter of a century, and no excuse has been offered by appellants' counsel for its violation in this case. It was his duty to abstract the matters offered as *res adjudicata*. On account of his own dereliction of duty, his adversary has been compelled, by supplemental abstract, to bring before this court matters which should have been presented in appellants' abstract. As plaintiffs' counsel has seen fit to interpose Rule 11 of this court, as an objection to the records before us being corrected so as to have them set out the evidence presented in the court below, we are of opinion that his objection should be sustained, and that the judgment of the trial court affirmed, on account of his failure to incorporate in his abstract of record defendants' evidence relating to the defense of *res adjudicata*.

Let the judgment be affirmed. *Railey* and *White*, *CC.*, concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.