FERNANDES GRAIN COMPANY, a Corporation, Appellant, v. HENRY HUNTER, EDWARD HUNTER, a Co-partnership, Trading as HUNTER GRAIN COMPANY, Respondents.*

St. Louis Court of Appeals. Opinion filed July 14, 1925.

1. **APPELLATE PRACTICE**: Assignment of Error: Not Called to Attention of Lower Court in Motion for New Trial: Not Before Appellate Court for Decision. An assignment of error not called to the attention of the lower court in the motion for a new trial, is not before the appellate court for decision.

2. **ARBITRATION AND AWARD**: Courts Encourage Arbitration: Proceedings Liberally Construed. Courts are disposed to encourage the settlement of controversies by arbitration, and regard the proceedings in such cases with favor, and construe them with liberality, on the theory that justice may on occasions be promoted by the submission of a dispute to a domestic tribunal created by the parties themselves which, not being bound by the rules of evidence, can consider facts that a court could not regard.

3. ———: Showing Necessary to Justify Court of Equity in Setting Aside Award. To justify a court of equity in setting aside of an award, fraud, corruption, partiality, or some misconduct of the arbitrators calculated to prejudice the rights of the parties must be shown; and in this connection the terms "fraud, corruption, partiality and misconduct" imply a wrongful intent and not a mere error of judgment on the part of the arbitrators.

4. **APPELLATE PRACTICE**: Appeal in Equity Suits: Tried De Novo: Requires Review of all the Evidence. An equity suit in effect is

tried *de novo* in the appellate court necessitating a careful review of all the evidence.

5. **ARBITRATION AND AWARD: Appeals Committee: Hearing Before Appeals Committee of Exchange: Rule Prohibiting Taking of Testimony: Not Violated.** In a suit in equity to set aside an award in favor of defendants made by appeals committee of the Merchants Exchange of St. Louis, after hearing the case on the testimony taken by the arbitration committee of the Exchange, the hearing resulting in the reversal of the award made by the arbitration committee in favor of plaintiff, appeals committee *held* not to have violated a rule of the Exchange prohibiting its taking testimony and confining it to that taken by the arbitration committee where the appeals committee received only testimony that had been received by the arbitration committee as shown upon the books of the Exchange, such proceeding having conformed to the practice for a number of years.

6. ————: **Duty of Arbitrator: Must Conform to All Stipulations in Agreement of Submission: Otherwise Award Invalid.** An arbitrator must, in arriving at his award, conform to all the stipulations in the agreement of submission, and any violation of the terms of such agreement will render the award invalid.

7. ————: **Irregularities: Party Participating in Proceedings Cannot Complain.** In a suit in equity to set aside an award made by the appeals committee of the Merchants Exchange of St. Louis, plaintiff cannot complain that the appeals committee violated the rules of the Exchange prohibiting it, in hearing appeals from the arbitration committee, from receiving testimony other than that taken before the arbitration committee, where the only witnesses examined before the appeals committee were called for plaintiff, because one who resorts to arbitration, is present at the hearing and participates in everything that is done, will not be heard to complain of any irregularity when the award goes against him.

8. ————: **Appeals Committee: Hearing Before: Reference to Testimony Given Before Arbitration Committee: Proper Under Rules of Exchange.** In a suit in equity to set aside an award made by the appeals committee of the Merchants Exchange of St. Louis, the fact that one of the parties was permitted to relate to the committee what a witness had testified to before the arbitration committee concerning a fact which was involved in the controversy, such statement was not incompetent where, under the rules governing the hearing before the appeals committee, either defendant had the right to explain his side of the case by appropriate reference to testimony given before the arbitration committee.

9. ———: ———: ———: **Exclusion of New Evidence: Proper.** Where members of the Merchants' Exchange of St. Louis submitted a controversy for arbitration by the Exchange, the exclusion in a hearing before the appeals committee of the Exchange of new evidence was proper in view of a rule of the exchange limiting the appeals committee to evidence received at the hearing in the first instance before the arbitration committee.

10. ———: ———: ———: **Party Denied Counsel: Not Prejudicial Where Other Party was Without Counsel.** Where parties, members of the Merchants' Exchange of St. Louis, submitted a controversy to the Exchange for arbitration, complaint of one that it was denied representation by counsel was not prejudicial where the other party did not have counsel, and therefore plaintiff's case was not prejudiced by the committee's denial of its request.

11. ———: ———: ———: **Alleged Statement of Member of Committee: Not Sufficient Showing of Prejudice to Brand Award as Fraudulent.** In a suit to set aside an award made by the appeals committee of the Merchants' Exchange of St. Louis, the parties to the controversy being members of the Exchange, an alleged statement by an unnamed member of the committee that a witness, whose affidavit plaintiff had introduced, was a crook, *held* not sufficient evidence of prejudice against plaintiff to brand the award as fraudulent.

12. ———: ———: ———: **Change of Member of Appeals Committee Between Hearings: Not Prejudicial Under Showing.** In a suit to to set aside an award made by the appeals committee of the Merchants' Exchange of St. Louis, which award reversed an award made by the arbitration committee of the Exchange, objection that there was a change of one member on the appeals committee between the time the award was rendered and the time of the overruling of motion for rehearing was not prejudicial, where complainant at the time for hearing of the motion for rehearing declined to proceed further and filed a prepared statement attacking the procedure had before the appeals committee.

13. **APPELLATE PRACTICE: Equity Case: Rule of Review: Conflicting Evidence: Trial De Novo.** On appeal in an equity suit, in those matters wherein the facts are conflicting, the decision of the appellate court is its own, though made with due deference to the finding of the chancellor because of his better position to determine the credibility of the witnesses.

14. **ARBITRATION AND AWARD: Arbitrators Sole Judges of Law and Facts: Award Not Reviewable By the Courts Unless Manifestly Fraudulent.** A party who submits to arbitration takes his chances,

and those who pass upon the controversy are the sole judges of the law and the facts, and their action, unless manifestly fraudulent, cannot be reviewed by the courts.

*Headnotes 1. Appeal and Error, 3 C. J., Section 863; 2. Arbitration and Award, 5 C. J., Sections 6, 289; 3. Arbitration and Award, 5 C. J., Section 481; 4. Appeal and Error, 4 C. J., Sections 2647, 2651; 5. Arbitration and Award, 5 C. J., Section 195 (Anno); 6. Arbitration and Award, 5 C. J., Section 172; 7. Arbitration and Award, 5 C. J., Section 221; 8. Arbitration and Award, 5 C. J., Section 176 (Anno); 9. Arbitration and Award, 5 C. J., Section 197 (Anno); 10. Arbitration and Award, 5 C. J., Section 176; 11. Arbitration and Award, 5 C. J., Section 481; 12. Arbitration and Award, 5 C. J., Section 221 (Anno); 13. Appeal and Error, 4 C. J., Sections 728, 898; 14. Arbitration and Award, 5 C. J., Section 389.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Frank Landwehr*, Judge.

AFFIRMED.

*John A. Nolan* and *Robert S. Harbison* for appellant.

(1) This appellant at the time of the transaction in controversy was not engaged in "doing business" in the State of Missouri in violation of any law of the State of Missouri. State v. Robertson, 271 Mo. 475, 196 S. W. 1133; German American Bank v. Smith, 208 S. W. 878; Gutta Percha Mfg. Co. v. Lehrock, 214 S. W. 285; Dinuba Farmer's Union Packing Co. v. Anderson Groc. Co., 182 S. W. 1037; Kansas City v. McDonald, 175 S. W. 917. (2) The arbitration was a matter of agreement in writing. This written agreement designated the tribunals and powers and the method of procedure. The evidence shows conclusively that the express terms of the arbitration agreement were violated by reason of the appeals committee exceeding its powers and in conducting the hearing in plain violation of the method of procedure agreed upon, also that the appeals committee by words and conduct manifested bias and prejudice toward appellant all of which the testimony shows was prejudicial

to the appellant. Morse on Arb. & Award, pp. 152-177-178; 2 R. C. L., pp. 2-14-22-24-37; 5 C. J., p. 191, par. 484; 43 Fed. 768; 10 L. R. A.. 826; 138 A. S. R. 644; 111 A. S. R. 377; Proctor v. Blakely, 137 Ga. 407; 35 Me. 281. (3) The evidence establishes conclusively the ownership of a car of wheat by the appellant at the time the sample was delivered to the respondents; that the negotiable bill of lading covering the car at the time of its delivery to the respondents bore the indorsement of the appellant evidencing appellant's ownership of the property; that the bill of lading had been acquired by the appellant in due course. Under these circumstances respondents are liable to appellant for the value of the car of wheat and the court erred in not so finding. The award being void and the value of the car of wheat not being in dispute, judgment should be entered for appellant. Ayres v. Bank, 79 Mo. 421; Bank v. Refrigerator Co., 236 Mo. 407; Bank v. Milling Co., 163 Mo. App. 135; Haas v. King's County Fruit Co., 183 S. W. 677; Renfrow Commission Co. v. Northrup, et al., 222 S. W. 487.

*W. W. Schiek* and *Lehman & Lehman* for respondent.

(1) Courts have ever been disposed to encourage the settlement of disputes by arbitration. The proceedings in such cases are regarded with favor and construed with liberality. Awards have very rarely been overturned on grounds of non-observance of unimportant formalities. Tucker v. Allen, 47 Mo. 490; Bennett v. Russell, 34 Mo. 524. (2) When a matter has been submitted to arbitration, every presumption will be indulged in by the court to sustain the proceedings of the arbitration, and the award rendered pursuant thereto. 5 C. J., 41; Burchell v. Marsh, 17 How. 344; Steamship Company v. Transportation Co., 184 Fed. 391; Reeves v. McGlochlin, 65 Mo. App. 537; Lumbard v. Hulderman, 115 Ill. App. 458. (3) Where a submission to arbitration was to be decided according to rules of an association, arbitrators

not being presumed to know the law, unless partiality, corruption or gross miscalculation exists, the courts will not interfere. Thatcher Implement Co. v. Brubacher, 193 Mo. App. 627; Allan v. Hickam, 156 Mo. 58; Shawhan v. Baker, 167 Mo. App. 34; Mitchell v. Curran, 1 Mo. App. 453; 5 C. J. 72, 180, 244. (4) By voluntary submission to judges of their own choosing, the parties will always be understood to mean to dispense with the technical rules of procedure by which the regular judicial tribunals are governed, and all that is necessary is that the proceedings be conducted honestly and fairly. 5 C. J. 172; Anderson v. Buchett, 48 Kan. 153; Sweeney v. Vaudry, 2 Mo. App. 352; Mitchell v. Curran, 1 Mo. App., 457; Riley v. Russell, 34 Mo. 524.

*Percy Werner, Amicus Curiae.*

BENNICK, C.—This is a suit in equity growing out of a controversy between the parties to this action, members of the Merchants' Exchange of St. Louis, resulting from the action of defendants in accounting for the sale of a carload of wheat to the country shipper, the Farmers Grain Company of Bulpitt, Illinois, instead of to the broker, the plaintiff herein. The matter in dispute was first submitted by an agreement in writing to the arbitration committee of the Exchange by whom an award was rendered in favor of plaintiff. In due time an appeal was taken by defendants, under the rules of the Exchange, to the appeals committee, which committee, after a hearing, reversed the arbitration committee and made an award in favor of defendants. Thereupon plaintiff filed a bill in equity in the circuit court of the city of St. Louis, seeking to have the award set aside. The finding of the chancellor was for defendants and a judgment was entered accordingly, from which plaintiff has appealed to this court.

Plaintiff's bill sets out in great detail the facts relative to the hearings before both the arbitration committee and the appeals committee and prays that the award

of the latter be found null and void and of no force and effect for the reasons that the committee of appeals (1) did mistake and exceed its powers, (2) was guilty of misconduct and misbehavior, (3) manifested partiality towards defendants and against plaintiff, and (4) made an award against plaintiff by undue means. The court was also asked to decree and adjudge that defendants account to plaintiff for the money received from the sale of the car of wheat.

The answer was a general denial coupled with a plea in bar in which it was asserted that plaintiff had not complied with the laws of Missouri regulating foreign corporations and therefore could not maintain an action in court.

The reply was conventional.

Many of the facts in evidence were uncontradicted. It was undisputed that on September 6, 1921, the Farmers Grain Company of Bulpitt, Illinois, shipped a carload of wheat to themselves or order at St. Louis with a notation on the bill of lading, "notify Fernandes Grain Company at St. Louis;" that the bill of lading was endorsed by them on said date and attached to a sight draft for $1400 drawn on the Fernandes Grain Company at Springfield, Illinois; that the sight draft with bill of lading attached was presented to and paid by the Fernandes Grain Company on September 8, 1921; that said company thereupon forwarded the bill of lading, properly endorsed, to the Von Rump Grain Company of St. Louis with instructions to deliver the same to defendants, the Hunter Grain Company, and that on September 12, 1921, the delivery was made. Defendants sold the wheat for the sum of $1720.44 and made the return therefor to the country shipper, the Farmers Grain Company.

The evidence on the part of plaintiff was that Mr. Oliver H. Schwartz, an employee of the Von Rump Grain Company, gave defendants the bill of lading and instructed them to sell the wheat for the account of plaintiff; the evidence of defendants was that they were in-

217 Mo. App.—13.

structed by Schwartz to sell and make returns direct to the country shipper.

After considerable correspondence between plaintiff and defendants relative to the disposition of the proceeds of the car, plaintiff finally made a formal demand upon defendants for an accounting, which they refused to make.

On January 3, 1922, plaintiff made complaint against defendants to the Board of Directors of the Merchants' Exchange by whom the matter was referred to the regular arbitration committee of the Exchange and the parties directed to enter into a written agreement of submission to arbitration. After a hearing the arbitration committee rendered an award in favor of plaintiff and against defendants in the sum of $1589.81.

Mr. Eugene Smith, Secretary of the Merchants' Exchange, testified that he was *ex-officio* secretary of the various committees and identified the records of the several meetings of the committees which were introduced in evidence. His records were only a brief resume of what transpired, showing all persons present, either as members of the committees, litigants, witnesses or stenographers, together with notations of all objections made by either party.

The secretary's records showed that plaintiff was represented before the arbitration committee by Mr. Sim Fernandes, its president and defendants *per se.* Messrs. H. A. Von Rump, Oliver Schwartz, Adolph Schuessler, a stenographer in the employ of the Hunter Grain Company, and Clyde McClintock, a former manager of the Farmers Grain Company, were present as witnesses. Mr. H. J. Ready, stenographer for defendants, and Mrs. Simmons, for plaintiff, were present to record the testimony. The rules of the Exchange provided that either party to a case might provide a shorthand reporter at its own expense.

Under the rules of the Exchange and in due course defendants appealed from the adverse holding of the arbitration committee to the appeals committee of the Ex-

change. This committee was composed of twelve mem·
bers, seven of whom constituted a quorum.

The appeals committee met May 11, 1922, and after
a hearing five of the eight members present made a find-
ing in favor of defendants and the remaining three signed
a minority report in plaintiff's favor. Plaintiff there-
upon requested a new trial and a hearing on this request
was set by the appeals committee for June 1, 1922. At
that time Mr. Sim Fernandes appeared before the com-
mittee and requested that plaintiff be allowed to be rep-
resented by counsel. Defendants objected and were sus-
tained. The committee then adjourned over until June
15th in order to give counsel for plaintiff and counsel for
the Exchange an opportunity to consider this request
further.

On June 15th Mr. Fernandes again appeared before
the committee and filed a prepared statement attacking
the procedure had before the appeals committee and de-
clined to proceed further. Thereupon plaintiff's appli-
cation for a rehearing was dismissed.

Many of the minor details of what transpired before
these various committees will be set out later in this opin·
ion as they may bear upon the several points for decision.

Appellant's assignment of errors covers two points:

1. That the circuit court erred in dismissing plain-
tiff's bill because such judgment was contrary to the
greater weight of the evidence and contrary to the law ap-
plicable to the evidence.

2. That the circuit court erred in not decreeing the
award of the committee of appeals void and rendering
judgment for the appellant.

Inasmuch as the second point assigned as error was
not called to the attention of the lower court in the mo-
tion for new trial, the first point remains as the only
matter before this court for decision.

The courts have always been disposed to encourage
the settlement of controversies by arbitration and regard
the proceedings in such cases with favor and construe
them with liberality on the theory that justice may on

occasions be promoted by the submission of a dispute to a domestic tribunal created by the parties themselves which, not being bound by the rules of evidence, can consider facts that a court could not regard. [Tucker v. Allen, 47 Mo. 488; Bennett's Adm'r. v. Russell's Adm'x., 34 Mo. 524; State ex rel. v. Merchants Exchange, 2 Mo. App. 96.]

The party complaining of an award, as was done in this case, may petition a court of equity to set the award aside for fraud in the procurement thereof. [Valle v. North Mo. R. Co., 37 Mo. 445.] But it has been uniformly held that such court will not vacate the award merely because it is against the law and the evidence. To justify the setting aside of an award, fraud, corruption, partiality, or some misconduct of the arbitrators calculated to prejudice the rights of the parties must be shown; and in this connection the terms "fraud, corruption, partiality and misconduct" imply a wrongful intent and not mere error of judgment on the part of the arbitrators. [Newman v. Labeaume, 9 Mo. 30; Vaughan v. Graham, 11 Mo. 575; Bridgman v. Bridgman, 23 Mo. 272; Bennett's Adm'r. v. Russell's Adm'r., 34 Mo. 524; Hyeronimus v. Allison, 52 Mo. 102; Mitchell v. Curran, 1 Mo. App. 453; State ex rel. v. Merchants' Exchange, 2 Mo. App. 96; Thatcher Imp. & Merc. Co. v. Brubaker, 193 Mo. App. 627, 187 S. W. 117.]

This being a suit in equity, it must in effect be tried *de novo* in this court, necessitating a careful review of all the evidence. [Keener v. Williams, 271 S. W. 489; Walsh v. Walsh, 285 Mo. 181, 226 S. W. 236; Ford v. Laughlin, 285 Mo. 533, 226 S. W. 911; Gibson v. Shull, 251 Mo. 480, 158 S. W. 322.]

Was there testimony to support the allegations in plaintiff's bill? Its contentions may be generally grouped under six headings and will be so considered herein.

Plaintiff arguest that the appeals committee, instead of hearing the case on the testimony taken by the arbitration committee, as recorded on the books of the Exchange, tried the case *de novo,* examining orally the wit-

nesses brought before them. The determination of this point hinges upon the interpretation to be placed upon Section 2, Rule VI of the Exchange, reading in part as follows:

"The awards of the Committee of Arbitration may be appealed from and the case carried to the Committee of Appeals . . . . It shall be the duty of the Committee of Appeals to review such decisions of the Committee of Arbitration as may be appealed from and formally brought before it . . . . It shall take no new testimony, but shall confine itself to the testimony taken by the Committee of Arbitration as recorded on the books of the Exchange. The parties to the case may, however, appear before the committee and make an argument based on the testimony as recorded, . . . but the final decision of the Committee of Appeals shall be based solely on the record taken before the Committee of Arbitration."

There is no provision of the law of arbitration and award more sacred than that the arbitrator must, in arriving at his award, conform to all the stipulations in the agreement of submission, and that any violation of the terms of such agreement will render the award invalid. It is undisputed that the hearings of both of the committees of the Exchange were required to be in strict accord with the rules and regulations of the Exchange, including the extract from Rule VI, supra.

Plaintiff contends that the rule provides for a review by the appeals committee of the record proper, argument being allowed the parties to the controversy in much the same manner in which an appellate court reviews the proceedings had before a trial court. The rule is easily susceptible of this construction.

Defendants argue—and in this they are supported by the testimony of Mr. Eugene Smith, the secretary of the Exchange, called as a witness for plaintiff—that the rule only prohibits the appeals committee from receiving any testimony that was not offered before the arbitration com-

mittee as shown upon the books of the Exchange, and that it is the duty of the secretary who attends the hearings before both committees and makes all record entries to see that the rule is complied with.

The record of the hearing before the appeals committee, duly introduced in evidence, and the testimony of the witnesses in the lower court show that at this hearing plaintiff's president, Mr. Sim Fernandes, and both defendants argued their case and that Von Rump and Schwartz "made statements relative to the controversy as had been previously made before the arbitration committee."

Smith testified that his record was the one provided for in the rules and was a summary of what transpired before the committees; that the same evidence was before the appeals committee as before the arbitration committee; that the stenographic report of Readey was brought in; that the proceedings in this case conformed to the practice for the past twenty years; and that the appeals committee did not consider any testimony, either documentary or oral, that had not been given before the arbitration committee, but based their finding entirely upon the same evidence as had been given before the arbitration committee.

In the light of all the evidence we are not prepared to say that the interpretation put upon the rule by the officials and members of the Exchange and urged by defendants is not tenable. Furthermore it appears that the only witnesses examined before the appeals committee were Von Rump and Schwartz, both called for plaintiff. The courts have always held that one who resorts to arbitration, is present at the hearing and participates in everything that is done will not be heard to complain of any irregularity when the award goes against him. [Allen v. Hickman, 156 Mo. 49, 56 S. W. 309; Tucker v. Allen, 47 Mo. 488; Price v. White, 27 Mo. 275; Cochran v. Bartle, 91 Mo. 636, 3 S. W. 854; Sweeney v. Vaudry, 2 Mo. App. 352; Hinkle v. Harris, 34 Mo. App. 223; Downing v. Lee, 98 Mo. App. 604, 73 S. W. 721.]

Appellant's second proposition is that the appeals committee admitted incompetent evidence in defendants' behalf in that defendant Henry Hunter was permitted to relate to the committee what witness McClintock had testified to before the arbitration committee concerning a fact which was involved in the controversy. This contention is clearly without merit. Under the rules governing the hearing before the appeals committee, either defendant had the right to explain his side of the case by appropriate reference to the testimony given before the arbitration committee. Hunter's statement complained of therefore was not evidence but argument.

Appellant next asserts that the appeals committee excluded competent evidence offered by it. As stated in the last paragraph, defendant, Henry Hunter, called to the attention of the committee certain evidence touching an alleged telephone conversation he had had with McClintock, the former manager of the Farmers Grain Company. Plaintiff, to offset the force of Hunter's statement, offered in evidence an affidavit made by McClintock in denial of Hunter's statement. Defendants objected to its introduction on the ground that it constituted new evidence, not having been offered before the arbitration committee, and were properly sustained. Secretary Smith then read to the committee from the stenographer's transcript such of McClintock's testimony, given by him orally before the arbitration committee, as was pertinent to the issue raised. Certainly no partiality or misconduct was displayed by the committee in this regard.

Complaint is made by appellant that it was denied the right to be represented by counsel before the appeals committee and that in this respect the committee was guilty of misconduct. This point, however, is not stressed here, for the reason that this court has held in an early case (incidentally the only reported Missouri case touching this proposition) that it is within the sound discretion of the arbitrators to hear or refuse counsel and that

an award will not be set aside for such refusal unless it clearly appears that the unsuccessful party was prejudiced thereby. [Pennsylvania Iron Works v. Ice & Cold Storage Co., 96 Mo. App. 563, 70 S. W. 903.] Defendants did not have counsel and therefore we are unable to see that plaintiff's case could possibly have been prejudiced by the committee's denial of its request.

The fifth proposition to be urged is that one of the members of the appeals committee manifested prejudice. After the committee refused to allow the introduction in evidence of McClintock's affidavit, Fernandes requested permission for time in which to bring McClintock before the committee personally. Fernandes and Von Rump testified that, upon this request, one of the members of the appeals committee exclaimed, "To hell with McClintock. We don't care about his testimony, he is a crook anyway." That such statement was made was denied by defendants' witnesses, as well as by plaintiff's witness Smith.

If any such statement was made by any member of the appeals committee, it was most inelegant to say the least. However, we are unwilling to brand the actions of the appeals committee as fraudulent because of an alleged statement by a member not even designated by name. The statement, if made, indicates that as between Hunter and McClintock, that particular member preferred to believe Hunter but it does not evidence any prejudice against plaintiff nor its president, Fernandes.

Appellant's last point is that the personel of the committee at the time when its motion for rehearing was overruled differed from that when the award against it was rendered. That there was a change in the person of one member is admitted.

Ordinarily this would be a most serious matter. However, in the instant case when Fernandes appeared before the committee, supposedly to argue plaintiff's motion for a rehearing, he filed instead a prepared statement and declined to proceed further with the case. Upon plaintiff's withdrawal, the committee did the only

thing left for them to do, viz., overrule the motion. Since plaintiff had declined to proceed further with the case, its rights were not prejudiced by the action the committee took. Had Fernandes remained and argued the motion, protesting all the while against the changed personel of the committee, the question would present a far more serious aspect to this court.

The necessities of this case have required that it be discussed at some length. We are brought again to our first statement: That this award will not be set aside by a court of equity unless there is evidence of fraud, partiality or misconduct—these terms implying wrongful intent—on the part of the arbitrators in the rendering thereof. We do not find any such evidence in the record.

There is no dispute as to much of the evidence. In those matters wherein the facts are conflicting our decision is our own though made with due deference to the finding of the chancellor because of his better position to determine the credibility of the witnesses. [Keener v. Williams, 271 S. W. 489; Pfotenhauer v. Ridgway, 271 S. W. 50; Scott v. Barton, 285 Mo. 427, 226 S. W. 958; Walsh v. Walsh, 285 Mo. 181, 226 S. W. 236; Gibson v. Shull, 251 Mo. 480, 158 S. W. 322; Conrad v. Boogher, 201 Mo. App. 644, 214 S. W. 211.]

Our affirmance of the chancellor's finding upholding the committee's award precludes a discussion of the merits of the original controversy between plaintiff and defendants. The rule has been well expressed by this court in an early case, Mitchell v. Curran, 1 Mo. App. l. c. 457-458:

"As manifest corruption in the arbitrators will alone suffice to set aside an award under the statute, it is too late for those who for the purpose of economy, or to save time, or for any other equally laudable motive, have chosen to submit a controversy absolutely to a tribunal which is not bound by legal rules, to invoke the protection of those despised rules when mischief has been worked by the disregard of them. . . . But he who submits to arbitration takes his chances, and those who

pass upon the controversy are the sole judges of the law and the facts, and their action, unless manifestly fraudulent, cannot be reviewed by the courts.''

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of Bennick, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J., Becker* and *Nipper, JJ.,* concur.