HIGGINS-WALL-DYER COMPANY, a Corporation, and AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, v. CITY OF ST. LOUIS, a Municipal Corporation, Appellant.—53 S. W. (2d) 864.

Division One, October 22, 1932.

*Julius T. Muench* and *Oliver Senti* for appellant.

*Bryan, Williams, Cave & McPheeters* for respondents.

456

GANTT, J.—Statutory arbitration of a controversy which was the subject of two suits pending in the Circuit Court of the City of

St. Louis. The city (designated defendant) contracted with the Higgins-Wall-Dyer Company, as principal (designated plaintiff), and the American Surety Company, as surety, for certain drainage construction and the alteration of a certain bridge. Defendant claimed that plaintiff was not proceeding at the speed prescribed by the contract. It stopped the work of plaintiff under the contract and completed said drainage construction and alteration of said bridge. The claims of plaintiff against defendant and counterclaims of defendant against plaintiff, which followed, were the matters involved in said suits and submitted to arbitration.

Joseph Lennon was chosen arbitrator by plaintiff and the American Surety Company. Matthew J. Holland was chosen arbitrator by defendant. George F. Haid was chosen arbitrator by Lennon and Holland. On consideration of the evidence and briefs of counsel the arbitrators found against defendant and awarded plaintiff $59,620.84. In due course and in due form the award was filed in the circuit court. Plaintiff and the American Surety Company filed a motion to confirm the award. Defendant then filed a motion to vacate the award. In the motion it alleged:

"1. That the arbitrators herein were guilty of misbehavior, by which the rights of the City of St. Louis have been prejudiced, in this, to-wit: That two of said arbitrators, Mat. J. Holland and Joseph A. Lennon, after the hearing of testimony, met independently and to the exclusion of the other arbitrator, George F. Haid, and deliberated and reached an agreement upon those matters contained and decided in the award herein without consulting with the said George F. Haid and without notifying him thereof, all as shown by the affidavits filed herein; that although it was intended by the city of St. Louis and by said arbitrator, George F. Haid, that he take part in the deliberations, the other two arbitrators gave him no opportunity to do so, but proceeded therewith and decided and reached an agreement upon those matters contained in said award; that their actions in so doing constituted a legal fraud upon the city of St. Louis and illegally deprived said city of its right to the presence and effect of the arguments, experience and judgment of each arbitrator during the whole proceeding and to the unanimous participation therein of all the arbitrators; and that thereby said award was rendered illegal, void, fraudulent and of no binding effect.

"2. That the arbitrators intended to follow the law in making said award, and that it was their assumption and view that their findings and conclusions of law would be subject to review by the court, all as shown by the affidavits of said arbitrators attached hereto. but that said award, as appears from the face thereof, is against

the law, is erroneous and is based on erroneous and mistaken conclusions of law.''

In support of this motion defendant filed affidavits of the arbitrators. Plaintiff and the American Surety Company filed a motion to strike from the files these affidavits on the ground that the affidavits were inconsistent with and contradictory to the ''solemn and deliberate award filed in this cause and incompetent to impeach the award.'' The motion was overruled. Plaintiff and the American Surety Company excepted to said ruling. The motion to vacate and the motion to confirm were heard together by the court. The affidavits of the arbitrators, with the testimony of arbitrators Lennon and Holland, considered as additional affidavits, was the only testimony at the hearing on the motions.

The court overruled the motion to vacate, and after reducing the award to $49,811, sustained the motion to confirm and rendered judgment for plaintiff and against defendant for said sum with interest and costs amounting in all to $53,463.44. The judgment discharged the American Surety Company of liability on the contract and bond and discharged the defendant of liability on the contract, other than the payment of said $53,463.44. Defendant appealed from the judgment.

The evidence on the motion to vacate follows:

George F. Haid testified by affidavit as follows: ''That he was one of the arbitrators selected and who served in the above-entitled causes, and who joined in signing the award therein; that by such selection and in such service he considered that he was to determine any question upon which Messrs. Joseph A. Lennon and Mat J. Holland, the two other arbitrators, might not be able to agree; that with said two other arbitrators he sat through the hearing of all the testimony, was furnished with a copy of the transcript of the evidence and of the briefs, and that he considered these; that the said two other arbitrators independently deliberated and reached an agreement upon those matters contained and decided in the award made herein, whereupon he signed said award.''

Matthew J. Holland testified by affidavit as follows: ''That he was one of the arbitrators selected and who served in the above-entitled causes and who joined in signing the award therein; that he, with Messrs. George F. Haid and Joseph A. Lennon, the two other arbitrators, sat through the hearing of all the testimony, was furnished with a copy of the transcript of testimony and of the briefs, and that he considered these; that he, with the said Joseph A. Lennon, deliberated and reached an agreement upon those matters contained and decided in the award made herein, whereupon the said Mat J. Holland and the said Joseph A. Lennon then con-

ferred with George F. Haid and the three said arbitrators then executed the award.''

Joseph A. Lennon's testimony by affidavit was identical with the testimony of Mat J. Holland by affidavit.

At the hearing on the motions, defendant called Joseph A. Lennon as a witness. He testified that during the hearing before the arbitrators Mr. Haid said that he considered himself more or less of an umpire in the case and not an arbitrator; that the attorney for plaintiff said: ''Mr. Haid, you are as much of an arbitrator as the other two in this case;'' that Mr. Haid said: ''Well, of course, that is true;'' that the attorney for defendant was present and said nothing; that during the examination of witnesses the arbitrators took an active interest in the examination and questioned the witnesses if the point was not clear; that on closing the hearing Mr. Haid suggested that he (Lennon) and Holland work out their conclusions; that they notify him when they would begin to do so that he might at the same time go through the testimony and be prepared to meet with them for a final discussion of the different matters involved; that when he (Lennon) received a transcript of the testimony he proceeded to read same and make notes on the evidence; that while doing so he had telephone conversations and conferences with Holland, who also was working on the evidence; that he and Holland decided that plaintiff was entitled to an award and they separately proceeded to consider the evidence; that during this time he prepared a memorandum in which he divided the claims of plaintiff into thirteen items; that he and Holland considered the separate items and reached an agreement that seven of them should be allowed; that they reached an agreement that other items should not be allowed but reached no agreement on three or four items; that their agreement on matters was not absolutely final; that after he and Holland agreed in a general way on the matters involved, the arbitrators arranged to meet in Mr. Haid's office; that they met in said office; that on arrival Mr. Haid said: ''If you two fellows have agreed on this thing there is not much for me to do;'' that they told him they had agreed in a general way; that the arbitrators then discussed and considered the controversy and matters involved for about two hours and a half; that he (Lennon) had at the meeting the memorandum prepared by him; that they considered each item listed; that he gave his reasons for allowance or disallowance and the questions were in that way presented for consideration at the meeting; that he was of the opinion that plaintiff should be allowed interest from the time its property was appropriated by defendant; that Mr. Haid did not think so and contended that interest should be allowed from the date the suit was filed; that he and Holland had

not discussed the question of interest; that they finally agreed with Mr. Haid on the item of interest; that Mr. Haid convinced them that an item of about $6,000 for extra concrete should not be allowed and that they agreed that an item of $50,000 for lost profits should not be allowed; that he (Lennon) had prepared a temporary form of award; that he left the form of award, memorandum and list of the items with Mr. Haid; that in about two days the arbitrators again met in Mr. Haid's office and discussed and considered the matters involved; that Mr. Haid suggested a few changes in the tentative form of award and drew the paragraph in the award which settled all disputes arising out of the two suits; that the items allowed in the award are the items Holland and he (Lennon) had agreed upon before the conference with Mr. Haid; that Mr. Haid did not at any time object to the award or any item allowed in the award; that the attorneys and arbitrators met in the office of the attorney for plaintiff and discussed at length the question of fees that should be allowed the arbitrators; that Mr. Haid participated in that discussion; that he took a very important part in it and that the arbitrators were each allowed $1700.

Mr. Holland was sworn as a witness, but to shorten the trial it was agreed that his testimony would be substantially the same as the testimony of Mr. Lennon. Mr. Haid was not called as a witness.

Defendant does not contend that Holland and Lennon were guilty of corrupt conduct. It contends that their agreement on matters in controversy, in the absence of Mr. Haid, was a "legal fraud" on defendant and in violation of Sections 14021 and 14025, Revised Statutes 1929, of the Arbitration Statute. On the other hand, plaintiff and the American Surety Company contend that under Section 14021 a majority of the arbitrators were authorized to determine the matter in controversy in the absence of the other arbitrator.

We will assume, without deciding, that defendant's contention is correct and consider the question of "legal fraud" on the evidence. It should be noted that Mr. Haid subscribed to an oath as arbitrator. It should also be noted that his affidavit does not state that he did not agree that plaintiff was entitled to an award or that he did not agree to the allowance of the seven items under the award. The trial court considered the question on the evidence and we think ruled correctly, as follows:

"I am inclined to think that it was the duty of each of the arbitrators to read over carefully and carefully consider the evidence submitted to the board or court of arbitrators, and I am inclined to think that it was the duty of each of the arbitrators in this matter to reach tentatively his own conclusions, separate and apart from his coarbitrator. This seems to have been done in this case and I.

therefore, am of the opinion that the fact that this was done is no ground for attacking the award, under section 14025, which provides the only grounds upon which either party may attack the award and move the court to vacate it. The city does not complain or charge that Lennon and Holland corruptly or fraudulently undertook to decide the issues submitted to them, or undertook to compel or use any undue means or, in fact, means of any kind, whether due or undue, to compel Judge Haid to join in the award. Regardless of what Judge Haid may now say of his position as an umpire, he acted as arbitrator from start to finish. He was present during all of the hearings, was furnished with a transcript of all the proceedings, had ample opportunity to consider them, had a number of conferences with the two other arbitrators and was active in the preparation of the final award, and signed the same in the presence of a subscribing witness.''

 We find no evidence tending to show constructive fraud, and the contention is overruled. Having ruled the case on the evidence, it is unnecessary to consider the competency of the arbitrators to impeach the award.

Defendant assigned as error the refusal of the court to review the arbitrators' conclusions of law. Plaintiff and the American Surety Company correctly answer this assignment as follows:

''Neither by the contract of submission to arbitration nor by the statutes is the court given power to review an award for errors of law. Unless there is some reservation in the contract submitting a controversy to arbitration the arbitrators are to pass upon the whole controversy, including the law and the facts, and their decision as to each is final, binding and conclusive.''

Furthermore, defendant has not briefed or argued the assignment, and it should be treated as abandoned.

The judgment should be affirmed. It is so ordered. All concur.