**DRAKE–O'MEARA & ASSOCIATES and Continental National American Insurance Group, Appellants,**

v.

**AMERICAN TESTING & ENGINEERING CORPORATION, a Corporation, Respondent.**

**No. 55120.**

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

Donald L. James, James E. Whaley, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for appellants.

Stuart Symington, Jr., Guilfoil, Symington & Petzall, St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiffs have appealed from the summary judgment in favor of defendant in their action for indemnity in the amount of $16,400.47.

From the allegations in plaintiffs' petition and the contents of the affidavit and exhibits in support of the motion for summary judgment, we find the following facts.

In September 1962, Drake-O'Meara & Associates (hereafter referred to as Drake-O'Meara) contracted with the Sisters of St. Joseph of Wichita, Kansas, to provide architectural services for the construction of two dormitory buildings. Drake-O'Meara also contracted with American Testing & Engineering Corporation (hereafter referred to as defendant) to make soil tests which tests were made and the findings reported to Drake-O'Meara who relied on them in drawing the plans for the buildings. The soil tests were made in a negligent manner, and as a result the findings were inaccurate and damage resulted to the buildings because of settling in excess of normally acceptable limits. The four parties involved, that is, the Sisters of St. Joseph, the contractor, Drake-O'Meara, arbitration by the American Arbitration and defendant, executed an agreement *for* Association which provided, among other things, as follows:

\* \* \* \* \* \*

"4. \* \* \* There is \* \* \* general agreement as to the indicated corrective measures, but there is serious disagreement as to who is liable for (1) the cost of \* \* \* effecting the corrective measures, and (2) any other damages that have resulted to any of the parties by reason of the settlement of the structures and any consequential delay in the completion of the same.

\* \* \* \* \* \*

"9. We agree that we will abide by and perform any award rendered hereunder and that a judgment may be entered upon the award."

In the opening statements by Drake-O'Meara and defendant before the arbitration tribunal each took the position that the tribunal should not consider or determine any items of damages resulting to any of the parties by reason of settlement or movement of the structural parts of the buildings. The tribunal concluded that the submission agreement placed on it the duty "to determine the extent of any damages to any of the parties," and when this was announced defendant withdrew from the hearing and did not thereafter participate. Drake-O'Meara remained in the hearing and made a claim, and presented evidence in support thereof, in the amount of $7,549 for damages sustained by it. The record does not expressly show against whom this claim was made or its basis, but it had to have been against defendant.

The arbitrators entered the following findings and award:

"It is the finding, decision, determination, judgment and order of this Tribunal that the settlement and movement of the structure elements of the Claimant's buildings here involved was caused by the negligence, misfeasance and inattention to their contractual responsibilities on the part of the Respondent Drake-O'Meara Associates and of the Respondent American Testing and Engineering Corporation, and that Respondents and each and both of them are liable therefor and liable to pay the awards made by reason thereof as hereinafter set forth." It was then provided that Drake-O'Meara and defendant should pay to the

Sisters of St. Joseph the sum of $26,415.64 "and each * * * shall be jointly and severally liable therefor," and that Drake-O'Meara and defendant should pay to the contractor the sum of $6,976.49 for which "each * * * shall be jointly and severally liable." Fees and expenses of the arbitration were divided equally between the four parties to the arbitration. The total amount to be paid by Drake-O'Meara and defendant was $32,800.94. The claim for damages made by Drake-O'Meara was denied.

The Sisters of St. Joseph and the contractor instituted suit in the United States District Court of Kansas against Drake-O'Meara and defendant based on the arbitration award. Drake-O'Meara and defendant then entered into an agreement that each should pay one half of the arbitration award "without in any way prejudicing the rights of either [Drake-O'Meara or defendant] to make claim against the other." Each paid the sum of $16,400.47, and by this action Drake-O'Meara now seeks to be reimbursed by defendant for the amount paid by it on the theory that it was vicariously liable for defendant's negligence and entitled to indemnity.

"An arbitration award, regular on its face, not the result of fraud or collusion, finally concludes and binds the parties on the merits of all matters properly within the scope of the award, both as to law and facts, and the courts will have no inquiry as to whether the determination thereon was right or wrong, for the purpose of interfering with the award." Masonic Temple Association of St. Louis v. Farrar, Mo. App., 422 S.W.2d 95, 109. See also Higgins-Wall-Dyer Co. v. City of St. Louis, 331 Mo. 454, 53 S.W.2d 864, 866; Beckett v. Wiglesworth, Mo.App., 178 S.W. 898; Fernandes Grain Co. v. Hunter Grain Co., 217 Mo.App. 187, 274 S.W. 901. Drake-O'Meara does not challenge the award. It contends that defendant was not entitled to a summary judgment because it "alleged that the defendant was the agent of * * Drake-O'Meara & Associates, and that

* * * Drake-O'Meara & Associates was found to be negligent because of the acts of defendant." It further asserts that defendant does not attack "this position" and it is a question of fact to be determined by a jury, as Drake-O'Meara has alleged that it would have been liable only vicariously. We do not so construe the findings of the arbitration board. It found that the damage to the buildings "was caused by the negligence, misfeasance and inattention of their contractual responsibilities on the part of the respondent, Drake-O'Meara & Associates and * * * that * * * each and both [Drake-O'Meara and defendant] are liable therefor and liable to pay the awards * * *." The fact that Drake-O'Meara "alleged that [it] would have been liable only vicariously" is not controlling when the court rules on a motion for summary judgment in the situation we have here. The documentary proof consisting of the arbitration board's findings and award establishes that Drake-O'Meara was negligent and that negligence and the negligence of defendant caused the damage to the buildings. We are not authorized to make an inquiry as to whether that determination of the arbitration board was right or wrong.

Drake-O'Meara seeks indemnity; not contribution. See McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo., 323 S.W.2d 788. "It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity, provided they are not joint tort-feasors. * * *." 42 C.J.S. Indemnity § 21. See also Busch & Latta Paint Co. v. Woermann Constr. Co., 310 Mo. 419, 276 S.W. 614, 619; Campbell v. Preston, Mo., 379 S.W.2d 557; Barb v. Farmers Ins. Exchange, Mo., 281 S.W.2d 297; Central Surety & Insurance Corporation v. Hinton, 233 Mo.App. 1218, 130 S. W.2d 235, 238. As noted however, the right to indemnity, as distinguished from contri-

bution, does not exist where both parties are joint tort-feasors or are in pari delicto, as where the act of each of the parties contributed to cause the injury. 42 C.J.S. Indemnity § 27; Campbell v. Preston, supra. There are some exceptions and limitations to this general rule as set forth in 42 C.J.S. Indemnity § 27b. For example, it has been held that where plaintiff's only negligence was the failure to inspect an appliance furnished by another, he was entitled to indemnity. Otis Elevator Co. v. Maryland Casualty Co., 95 Colo. 99, 33 P.2d 974. The same result has been reached when the party seeking indemnity was guilty of passive negligence only as distinguished from the other party's active or positive negligence. 42 C.J.S. Indemnity § 27b. However, we cannot go behind the findings and conclusions of the arbitration board, and it adjudged Drake-O'Meara guilty of negligence jointly with defendant which caused the damages to the buildings.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.